Filed 1/27/15  P. v. Gomez CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C074590 |
| Plaintiff and Respondent, | (Super. Ct. No. 12F01936) |
| v. | |
| MOSES STEVEN GOMEZ, | |
| Defendant and Appellant. | |

This case comes to us pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*). Having reviewed the record as required by *Wende*, we affirm the judgment.

We provide the following brief description of the facts and procedural history of the case.  (See *People v. Kelly* (2006) 40 Cal.4th 106, 110, 124.)

**FACTUAL AND PROCEDURAL BACKGROUND**

An amended information charged defendant Moses Steven Gomez with possession of hydrocodone for purposes of sale on or about March 15, 2012 (Health & Saf. Code, § 11351), and alleged two prior strikes (Pen. Code, §§ 667, subds. (b)-(i), 1170.12), two

1

prior prison terms based on felony drug convictions (Pen. Code, § 667.5, subd. (a)), and one other prior prison term (Pen. Code, § 667.5, subd. (b)).

Defendant pleaded no contest to the charged offense, admitted the two strikes and the other prior non-drug felony, and admitted that he had served three prior prison terms.

The factual basis for the plea, as stated by the parties, was as follows: On or about March 15, 2012, defendant unlawfully possessed 17 hydrocodone pills for sale. On January 9, 1996, in Sacramento County, defendant was convicted of first degree residential burglary (Pen. Code, § 459); on June 21, 1994, in Sacramento County, defendant was convicted of negligent discharge of a firearm (Pen. Code, § 246.3); on June 3, 1998, in Sacramento County, defendant was convicted of two counts of possessing a controlled substance for sale, (Health & Saf. Code, § 11378) for which he served a single prison term; and on May 19, 2011, in Sacramento County, defendant was convicted of being a felon in possession of a firearm (Pen. Code, § 12021, subd. (a)(1)).

The probation report noted that only one of the admitted strikes could be used in sentencing because the present offense was not a violent felony. (Cf. Pen. Code, §§ 667, subd. (e)(2)(C), 1170.12, subd. (c)(2)(C).)

The trial court sentenced defendant to a state prison term of six years (the three-year middle term, doubled for the one usable strike). The court awarded defendant 197 days of presentence custody credit (99 actual days and 98 conduct days). The court imposed a $1,200 restitution fine (Pen. Code, § 1202.4, subd. (b)) and a suspended restitution fine in the same amount (Pen. Code, § 1202.45), a $150 drug program fee (Health & Saf. Code, § 11372.7, subd. (a)), and a $331.98 main jail booking fee (Gov. Code, § 29550.2). The court stated that all other fines and fees were waived.

### *WENDE* REVIEW

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief setting forth the facts of the case and, pursuant to *Wende*, requesting the court to review the record and determine whether there are any arguable issues on appeal.

Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief.  More than 30 days have elapsed, and we received no communication from defendant.

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

However, we must remand the matter to the trial court for correction of the abstract of judgment, because it fails to show the statutory basis for the main jail booking fee.

## DISPOSITION

The judgment is affirmed.  The matter is remanded to the trial court with directions to prepare a corrected abstract of judgment that shows the main jail booking fee is imposed pursuant to Government Code section 29550.2, and to furnish a certified copy thereof to the Department of Corrections and Rehabilitation.


                                          MURRAY          , J.



We concur:



        RAYE            , P. J.



        MAURO          , J.



3